UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 13-41341-TJT

**TAMARA LYNN STOKES,**               Chapter 7
**WILLIAM HARVEY STOKES,**

                                                       HON. THOMAS J. TUCKER

         Debtors.
_____/

**MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(2) AND (b)(3)**

       Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

       1.       The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(2) and (b)(3). A proposed Order is attached.

       2.       The Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 25, 2013.

       3.       The Debtors' obligations are primarily consumer debts.

       4.       The Debtors scheduled nonpriority unsecured debt of $208,702.00 including $142,431.00 in student loans.

**Presumed Abuse Pursuant to 11 U.S.C. § 707(b)(2)**

       5.       Pursuant to 11 U.S.C. § 704(b)(1)(a), the U.S. Trustee reviewed the materials filed by the Debtors and filed a Statement of Presumed Abuse ("10-Day Statement").

       6.       The Debtors' gross monthly income during the six month period prior to filing was $9,307.32. The Debtors' household income annualized is $111,687.84, which is above the

applicable median for a household size of two (2) individuals. The Debtors, therefore, completed the remaining portions of the Form 22A.

7. The Debtors' Statement of Current Monthly Income and Means Test Calculation Form 22A, indicates the Debtors' "monthly disposable income," on Line 50, is $ 1,280.26 and the 60 month disposable income, Line 51, is $76,815.60, substantially exceeding the $11,725.00 threshold; and the presumption of abuse under 11 U.S.C. § 707(b)(2) arises.

8. The Debtors indicated that the presumption of abuse does arise at the top of the Form 22A.

9. The Debtors' conclusion is accurate, and the presumption of abuse arises.

10. The Debtors have not filed an Affidavit of Special Circumstances.

11. The Debtors have not demonstrated special circumstances to rebut the presumption, such as a serious medical condition, or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

12. The Debtors' Schedule I lists net monthly income of $7,772.15.

13. The Debtors' Schedule J, lists total monthly expenses of $6,452.46.

14. As scheduled, the Debtors have a monthly surplus of $1,319.69.

15. Also, the Debtors' Schedule J lists monthly expenses that exceed what is reasonable and necessary for their support. They include;

 a. $614.64 for medical and dental expenses (in addition to an identical amount for health insurance);

 b. $486.50 for support of adult children;

2

      c.      $600.00 for food for 2 people;

      d.      $250.00 + $650.00 per month for "up north" home;

      e.      $799.00 for tuition for Debtor-wife;

      f.      $250.00 per month for recreation.

16. After an appropriate adjustment to the Debtors' income and expenses, the Debtors would have the ability to repay a significant portion of their unsecured obligations.

17. The Debtors' attempt to obtain relief under Chapter 7 when they can make meaningful contributions in a Chapter 13 plan constitutes an abuse of the provisions of Chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

          Respectfully submitted,

          **DANIEL M. McDERMOTT**
          **UNITED STATES TRUSTEE**
          Region 9

      By    /s/ Leslie K. Berg
          Leslie.K.Berg@usdoj.gov
          Trial Attorney
          Office of the U.S. Trustee
          211 West Fort St - Suite 700
          Detroit, Michigan 48226
          (313) 226-7950

Dated: April 26, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Case No. 13-41341-TJT

**TAMARA LYNN STOKES,** Chapter 7
**WILLIAM HARVEY STOKES,**
HON. THOMAS J. TUCKER
    Debtors.
_____/

## ORDER DISMISSING CHAPTER 7 CASE

**THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b)(2) and (b)(3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

**IT IS ORDERED** that above-captioned case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 13-41341-TJT

**TAMARA LYNN STOKES,**                  Chapter 7
**WILLIAM HARVEY STOKES,**

                                                 HON. THOMAS J. TUCKER

             Debtors.
_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

       The United States Trustee has filed papers with the court to dismiss the above entitled case.

       **<u>Your rights may be affected</u>.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

       If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

       1.      File with the court a written response or an answer, explaining your position at:[1]

                                  U.S. Bankruptcy Court
                                  211 West Fort Street
                                  Detroit, MI 48226

       If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

       You must also mail a copy to:       Leslie K. Berg
                                                           Office of the United States Trustee
                                                           211 West Fort Street, Suite 700
                                                           Detroit, MI 48226

       2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

       If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                         **DANIEL M. McDERMOTT**
                                                         **UNITED STATES TRUSTEE**
                                                         Region 9

                                     By       /s/ Leslie K. Berg
                                                       Leslie.K.Berg@usdoj.gov
                                                       Trial Attorney
                                                       Office of the U.S. Trustee
                                                       211 West Fort St - Suite 700
                                                       Detroit, Michigan 48226
                                                       (313) 226-7950

Dated: April 26, 2013

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-41341-TJT

**TAMARA LYNN STOKES,**  Chapter 7
**WILLIAM HARVEY STOKES,**

HON. THOMAS J. TUCKER

Debtors.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(2) AND (3)**

**Dismissal Pursuant to 11 U.S.C. § 707(b)(2)**

In pertinent part, 11 U.S.C. § 707(b)(1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter. In turn, § 707(b)(2)(A)(I) provides in pertinent part that the Court shall presume abuse exists if:

> the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or $11,725.

The standard and actual expenses which a debtor may claim are detailed in § 707(b)(2)(A)(ii), (iii), and (iv).

In practical terms, the statute presumes that a debtor's chapter 7 filing is abusive, if after deducting all allowable expenses from a debtor's income, the debtor has monthly net disposable income of at least $195.42 (which totals $11,725.20 over 60 months), or if the net monthly income is greater than $117.09 but less than $195.42 and totals 25% of the debtor's unsecured non-priority debts when multiplied by 60 months.

**Special circumstances to rebut the presumption**

If the presumption arises, a debtor may only rebut that presumption by demonstrating special circumstances as set forth in 11 U.S.C. § 707(b)(2)(B)(I). Special circumstances are

those such as a serious medical condition or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. *Id*. Pursuant to § 707(B)(2)(b)(ii) and (iii) any assertion of special circumstances must be accompanied by documentation and the attestation under oath by the debtor as to the accuracy of the representations. Pursuant to § 707(b)(2)(B)(iv) such additional expenses or adjustments to income rebut the presumption of abuse only, if when substituted for the expenses and income in the Form 22A, no presumption of abuse arises.

Based on the Debtors' own calculations the presumption of abuse arises in this case. Debtors have not asserted any special circumstances to rebut the presumption. Accordingly, the Court should dismiss this case pursuant to 11 U.S.C. § 707(b) (2).

**Dismissal Pursuant to 11 U.S.C. § 707(b)(3)**

If the presumption of abuse does not arise or is rebutted, this Court may nevertheless dismiss Debtor's case if the totality of the circumstances of Debtor's financial situation demonstrates abuse.

Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
>> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had

sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Excessive Expenses**

The Debtors' schedules suggest that the Debtors pay in excess of $1200.00 per month for health insurance and medical and dental bills, in addition to a monthly expense of $114.00 for prescription co-pays (see Docket No. 20, page 30.) The Debtors also spend $799.00 per month for the Debtor-wife's tuition. The Debtors also support their adult children in the amount of about $490.00 per month. The Debtors' schedules also include expenses of $900.00 for a property up north which the Debtors indicate they are no longer making. The adjustments which can be made to Debtors' budget after reducing or eliminating these expenses would allow for a repayment plan to the Debtors' creditors.

**Payments for student loans**

As previously stated, Debtors' student loan payments are not priority obligations and therefore should be afforded no greater treatment that other general unsecured debts. Citing *In re Baker*, 400 B.R. 594 (Bankr. N.D. Ohio 2009), the Court in *McGowan v. McDermott*, 445 B.R. 821 (N.D. Ohio 2011) stated:

> (I)t is well settled that debtors may not favor one creditor over another. *Baker*, 400 B.R. at 599. Student loans, while generally nondischargable, may not be accorded priority treatment under the Bankruptcy Code. *Id*. at 600. It is therefore

3

improper to allow Debtors to pay their student loan creditors while providing no distribution to other general unsecured creditors who face debt discharge. Debtors, likewise, may not include their student loan payments in calculating monthly disposable income.

*McGowan*, at 826.  Case law also provides that as unsecured, nonpriority claims, guaranteed educational loans are entitled to no greater payment in a chapter 13 plan that other unsecured, nonpriority claims.  *See*, *In re Bentley*, 266 B.R. 229 (1st Cir. B.A.P. 2001).

The granting of relief to the Debtors would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtors' financial situation demonstrates abuse.

The Debtor's attempt to obtain relief under Chapter 7 while continuing their excessive spending constitutes an abuse of the provisions of Chapter 7.  *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

## CONCLUSION

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By  /s/ Leslie K. Berg
Leslie.K.Berg@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7950

Dated: April 26, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 13-41341-TJT

**TAMARA LYNN STOKES,**                      Chapter 7
**WILLIAM HARVEY STOKES,**

                                                       HON. THOMAS J. TUCKER

       Debtors.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I served copies as follows:

1.    Documents Served:            *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2.    Served Upon:                  Tamara Lynn Stokes
                                        William Harvey Stokes
                                        2865 Bynan Dr. Apt 207
                                        Ypsilanti, MI 48197-1252

3.    Method of Service               First Class Mail

                                        **DANIEL M. McDERMOTT**
                                        **UNITED STATES TRUSTEE**
                                        Region 9


                           By:     /s/ Karen Riggs
                                        Karen.Riggs@usdoj.gov
                                        Paralegal Specialist
                                        Office of the U.S. Trustee
                                        211 West Fort Street - Suite 700
                                        Detroit, Michigan 48226
                                        313.226.7259

Dated: April 26, 2013