UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:  
Tamara & William Stokes, Debtor(s).

CHAPTER 13  
CASE NO. 13-41341-TJT  
JUDGE THOMAS J. TUCKER

_____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES**, the Chapter 13 Trustee, Tammy L. Terry, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E.D. Mich. L.B.R. 3015-3(a) and 11 U.S.C. §1307(c)(5) as follows:

1. Based upon a proof of claim filed by Americredit, the obligation owing for an automobile is in arrears. Direct payment to such creditor is therefore not justified under E.D. Mich. L.B.R. 3070-1.

2. The debtor provided pre-petition pay stubs which indicates she earns significantly more income than what has been disclosed on Schedule I. The Trustee requests that the debtor amend Schedule I and J and increase best effort accordingly.

3. The Trustee requests that the debtor provide copies of three (3) post-petition pay stubs at least fourteen days prior to confirmation.

4. As of today, the Trustee has not received a true copy of the debtor's Payment Order, or an Electronic Transfer of Funds Payment Order, in contravention of E.D. Mich. L.B.R. 1007-1(c).

5. The Trustee objects to the debtors' failure to treat Class 9 creditors in the plan. The Trustee requests that the debtors clarify this in the Order Confirming Plan.

6. The Trustee objects to the debtors' failure to fully treat in the Plan all of the Schedule G creditors. The Trustee would requests that the debtors amend the Plan to treat any creditor on Schedule G that is not already treated in the Plan.

7. Debtor(s) has/have failed to provide for the residential lease as a part of the Chapter 13 Plan and schedules.

8. The Trustee objects to the omission by debtor(s) of the statement required by Rule 2016(b).

9. The debtor's(s') Plan fails to provide that all of the debtor's(s') projected disposable income be utilized to fund the Plan. Specifically, the debtor's(s') Schedule J has overstated the following expense(s) in contravention of 11 U.S.C. 1325(a)(3) and/or 11 U.S.C. 1325(b):

   a. Rent - $709 a month. The debtors testified at the §341 First Meeting of Creditors that their rent is actually $751 a month. The Trustee requests that the debtors amend Schedule J accordingly.
   b. Cable - $175 a month. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors and debtors'

dependents. The Trustee requests that the debtor increase best effort by $75.00 a month.

c. Medical and dental expenses - $614 a month.

d. Recreation and entertainment - $250 a month. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors and debtors' dependents. The Trustee requests that the debtor increase best effort by $150.00 a month.

e. Automobile insurance - $343 a month.

f. Student loan payments - $48 a month. The Trustee objects to this expense and states that this creditor should be more properly treated in Class 9. The Trustee requests that the debtors amend Schedule J and increase best effort by $48.00 a month.

g. Payments for dependents not at home - $486 a month. The debtors testified at the §341 First Meeting of Creditors that this expense is for their daughter's car and life insurance. The Trustee objects to this expense as it is not reasonably necessary for the maintenance and support of the debtors. The Trustee requests that the debtor increase best effort by $486.00 a month.

h. Oil for property up North - $250 a month. The Trustee objects to this monthly expense as the debtors testified at the §341 First Meeting of Creditors that this property is being surrendered. The Trustee requests that the debtors amend Schedule J and increase best effort by $250.00 a month.

i. Mortgage for home up north - $650 a month. The Trustee objects to this monthly expense as the debtors testified at the §341 First Meeting of Creditors that this property is being surrendered. The Trustee requests that the debtors amend Schedule J and increase best effort by $650.00 a month.

j. Tuition for wife - $799 a month. The debtor testified at the §341 First Meeting of Creditors that this is actually the wife's student loan payment. The Trustee objects to this monthly expenses and states that this creditor should be more properly treated in Class 9. The Trustee requests that the debtors amend Schedule J and increase best effort by $799.00 a month.

The Trustee requests that the debtor provide proof of these expenses at least fourteen (14) days prior to confirmation.

**WHEREFORE,** the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's (s') Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. §1307(c)(5).

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Tammy L. Terry, Chapter 13 Trustee

October 22, 2013

/S/ TAMMY L. TERRY (P-46254)
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
/s/ MARILYN R. SOMERS-KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Tamara & William Stokes, Debtor(s).

CHAPTER 13
CASE NO. 13-41341-TJT
JUDGE THOMAS J. TUCKER

_____/

## CERTIFICATE OF MAILING

I hereby certify that on October 24, 2013, a copy of **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** was electronically filed with the Clerk of Court, served electronically to the debtor's(s') attorney and a copy of same deposited in the U. S. Mail to the debtor (s) at the address as it appears below.

/s/ Juatane E. Miller
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

Tamara & William Stokes
2865 Bynan Dr.
Ypsilanti, MI 481971252

Kathleen M. Brown, P.L.L.C
300 N. Huron
Ypsilanti, MI 481970000